IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kenneth Ramon Kensey,<br><br>Petitioner,<br><br>v.<br><br>Charles L. Ryan, et al.,<br><br>Respondents. | No. CV-14-2051-PHX-SPL (DKD)<br><br>**REPORT AND RECOMMENDATION** |

TO THE HONORABLE STEVEN P. LOGAN, U.S. DISTRICT JUDGE:

      Kenneth Ramon Kensey filed a Petition and Amended Petition for Writ of Habeas Corpus challenging his convictions, pursuant to a plea agreement, in Maricopa County Superior Court for seven felonies. His Amended Petition alleges that his indictment was insufficient, his sentence was illegal, and his request for an evidentiary hearing about his ineffective assistance of trial counsel claim should have been granted. Respondents contend that his petition is untimely. As explained below, the Court recommends that Kensey's petition be denied and dismissed with prejudice.

## BACKGROUND

      In May 2009, Kensey was indicted in Maricopa County Superior Court for seven felonies arising out of the shooting of Phoenix Police Officer Mario Gaxiola. (Doc. 13, Ex. A) Subsequently, the State alleged aggravating circumstances and that Kensey had prior felony convictions. (Doc. 13, Exs. B, C) After a settlement conference, the Court held a change-of-plea hearing where Kensey entered a plea of no contest to all seven

felonies.  (Doc. 13, Exs. D, E, F)  Kensey acknowledged the existence of prior felony convictions and admitted to an aggravating factor.  (Doc. 13, Exs. E, F at 17)

On January 15, 2010, the Superior Court held a sentencing hearing for Kensey.  (Doc. 13, Exs. H, I)  At this hearing, Kensey indicated he wanted to withdraw from his plea agreement and obtain new counsel; after consulting with his counsel and family members, he agreed to proceeded with sentencing and to representation by his attorney.  (Doc. 13, Ex. I at 3-6)  The Court sentenced Kensey to exceptionally aggravated terms of 30 years for one count of attempted first degree murder, one count of aggravated assault, and one count of drive by shooting.  (Doc. 13, Ex. I at 58)  The Court also sentenced Kensey to presumptive terms of 10 years for three counts of aggravated driving or actual physical control while under the influence of intoxicating liquors or drugs and one count of misconduct involving weapons.  (Doc. 13, Ex. I at 52, 58)  The Court ordered all seven sentences to run concurrently and ordered Kensey to pay $65,217.38 in restitution.  (Doc. 13, Exs. H, I at 52, 58)

Kensey filed a Notice of Post-Conviction Relief and, on February 1, 2010, the Superior Court appointed him counsel.  (Doc. 13, Ex. J)  On January 19, 2011, Kensey's counsel notified the Court that she was unable to find any claims for relief and would not file a Petition.  (Doc. 13, Ex. M)  On April 1, 2011, Kensey filed a *pro per* Petition for Post-Conviction Relief.  (Doc. 13, Ex. N)  After full briefing, the Court found that Kensey had failed to present any colorable claims and dismissed his post-conviction proceedings on September 12, 2011.  (Doc. 13, Exs. O, P, Q)  The record reflects that Kensey did not appeal this dismissal to the Arizona Court of Appeals.  (Doc. 13, Ex. EE)

On November 8, 2011, Kensey filed another Petition for Post-Conviction Relief in the Maricopa County Superior Court.  (Doc. 13, Ex. S)  On November 17, 2011, the Court found that the Petition failed to state a claim that can be addressed in an untimely or successive petition.  (Doc. 13, Ex. T)  On December 1, 2011, Kensey moved for rehearing and, after the state responded, the Court denied his motion.  (Doc. 13, Exs. U, V. W)

On October 24, 2012, Kensey filed a Petition for a Writ of Habeas Corpus in Maricopa County Superior Court. (Doc. 13, Ex. X) On November 14, 2012, the Court found that none of Kensey's claims fell within an exception for untimely filing under Arizona Rule of Criminal Procedure 32.4(a). (Doc. 13, Ex. Y) Kensey petitioned the Arizona Court of Appeals for review and, on April 18, 2014, the Court of Appeals granted review and denied relief. (Doc. 13, Exs. Z, AA, BB)

On September 15, 2014, Kensey filed a Petition for Writ of Habeas Corpus in this Court and, after it was dismissed without prejudice, he filed an Amended Petition on November 7, 2014. (Doc. 1, 6) Respondents were ordered to respond to the Amended Petition. (Doc. 7) His Amended Petition raises several, related claims that allege his due process rights under the Fifth, Sixth, and Fourteenth Amendments were violated by an indictment that was insufficient and a sentence that was illegal both because his plea was coerced and because the facts of the crime did not meet the requirements of first degree attempted murder. (Doc. 6 at 6) The Amended Petition also argues that he should have had an evidentiary hearing after he had requested new counsel. (Doc. 6 at 7-8) Kensey does not raise any claims of actual innocence. Respondents contend that the Petition is untimely and that he is not entitled to equitable tolling. (Doc. 13) The Court agrees and recommends that the Petition and Amended Petition be denied and dismissed with prejudice.

**Kensey's Petition for Habeas Relief is Untimely.**

A state prisoner seeking federal habeas relief from a state court conviction is required to file the petition within one year of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The period of limitations is statutorily tolled during the time in which a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending" in the State courts. 28 U.S.C. § 2244(d)(2). If a defendant is convicted pursuant to a guilty plea, then the first post-conviction proceeding is considered a form of direct review and the

conviction becomes "final" for purposes of Section 2244(d)(1)(A) when the Rule 32 of-right proceeding concludes. *Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005) ("When a postconviction petition is untimely under state law, that is the end of the matter for purposes of § 2244(d)(2).") (internal quotation omitted); *Summers v. Schriro*, 481 F.3d 710, 711 (9th Cir. 2007) (conviction pursuant to plea agreement is final on expiration of the time for seeking Rule 32 relief).

On September 12, 2011, the Superior Court dismissed Kensey's post-conviction proceedings. Kensey did not appeal this dismissal. Accordingly, his post-conviction proceedings became final on October 17, 2011, and his one year limitations period began the next day. Ariz. R. Crim. P. 1.3, 32.4(a); *State v. Savage*, 573 P.2d 1388, 1389 (1978).

Kensey then filed several petitions in Superior Court which were dismissed as untimely. The Superior Court's rejection of these petitions means that they "must be treated as improperly filed, or as though [they] never existed," such that "for purposes of section 2244(d), the pendency of th[e] petition[s] did not toll the limitations period." *Lakey v. Hickman*, 633 F.3d 782, 786 (9th Cir. 2011).

Kensey was required to file his habeas petition in this court by October 18, 2012. He did not and the one year period expired and, once expired, could not be revived. *Pace v. DiGuglielmo*, 544 U.S. 408, 413 (2005) (no AEDPA tolling from untimely state post-conviction petitions). Instead, he filed his first habeas petition in this Court nearly two years later, on September 15, 2014. Therefore, his petition is untimely.

**Kensey is Not Entitled to Equitable Tolling.**

Kensey's habeas petition is untimely unless he can show that he is entitled to equitable tolling. To make such a showing, Kensey must demonstrate both that he pursued his rights diligently and that some extraordinary circumstance prevented him from filing his petition. *Holland v. Florida*, 560 U.S. 631, 649 (2010).

Kensey's argues that his untimely petition should be allowed because the "lawyer that drafted all my motions was moved from prison." (Doc. 4-3 at 14) This argument is not persuasive. *See, e.g., Chaffer v. Prosper*, 592 F.3d 1046, 1049 (9th Cir. 2010) (habeas

petition alleges delay from circumstances that "are hardly extraordinary given the vicissitudes of prison life, and there is no indication in the record that they made it 'impossible' for him to file on time."); *Norwood v. Lockyer*, 390 Fed.Appx. 762, 763 (9th Cir. 2010) (equitable tolling standard not met for circumstances that are ordinary for prison life); *Ramirez v. Yates*, 571 F.3d 993, 998 (9th Cir. 2009) (habeas petitioner not entitled to equitable tolling because of limited library and copier access); *Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) ("a pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling"). Thus, Kensey has not showed that he acted diligently or that he encountered some extraordinary circumstance.

**IT IS THEREFORE RECOMMENDED** that Kenneth Ramon Kensey's Amended Petition for Writs of Habeas Corpus be **denied and dismissed with prejudice**.

**IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal be **denied** because dismissal of the petition and amended petition are justified by a plain procedural bar and jurists of reason would not find the ruling debatable.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Rules 72, 6(a), 6(b), Federal Rules of Civil Procedure. Thereafter, the parties have fourteen days within which to file a response to the objections. Failure timely to file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure timely to file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an

order or judgment entered pursuant to the Magistrate Judge's recommendation. *See* Rule 72, Federal Rules of Civil Procedure.

Dated this 5th day of May, 2015.

_____
David K. Duncan
United States Magistrate Judge